## Elizabeth H. Russell & others *vs.* Horn Pond Branch Railroad Corporation.

One residing and owning land within half a mile of land taken for a railroad, and who testifies that he has known the land for six years, and has heard of sales of land in the vicinity, may testify to his opinion of the value of the land taken, upon a hearing of the petition of the owner for an assessment of his damages.

Petition for a jury to assess the damages by the taking of land for the construction of a railroad. A trial was had before the sheriff, who certified to the court of common pleas this ruling:

" The petitioners called Stillman S. Porter as a witness, who testified that he was a farmer, and lived and owned land within half a mile of the land in question; that he had known said land taken for the railroad, for six years past, and that there had been sales of land in the vicinity; that he did not know of these

sales from personal knowledge, but had heard of them from both buyers and sellers, but not together; and that he had only heard of sales. He was then asked his opinion, as an expert, of the value of the land taken for the railroad. The respondents objected; and the sheriff ruled that he was competent to answer the question, and the answer was given."

The verdict, which was for the petitioners, was set aside by the court of common pleas, and the petitioners appealed.

*J. P. Converse*, for the respondents. As a general rule, witnesses are to testify to facts, and the jury are to draw the inferences and form the opinions which shall govern the case. Evidence of persons, not experts, as to the value of property, being an exception to the general rule, is not to be admitted except upon the ground of necessity. The cases already decided in this commonwealth have extended the exception quite far enough, but do not reach this case. The statement of this witness, " that he had known said land," might well mean only that he could identify it, not that he had any peculiar knowledge as to its character or value; and he testified that he had no personal knowledge of sales. *Vandine* v. *Burpee*, 13 Met. 288. *Wyman* v. *Lexington & West Cambridge Railroad*, 13 Met. 316. *Walker* v. *Boston*, 8 Cush. 279. *Shaw* v. *Charlestown*, 2 Gray, 107. *Rochester* v. *Chester*, 3 N. H. 349. *Peterborough* v. *Jaffrey*, 6 N. H. 462. *Jefferson Ins. Co.* v. *Cotheal*, 7 Wend. 72.

*J. Dana*, for the petitioners.

BY THE COURT. The testimony was rightly admitted. The case is not distinguishable from the previous cases in this court, cited by the respondents. *Verdict accepted.*